UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MICHAEL PELTON,<br>Plaintiff,<br>v.<br>RICHARD AMADOR, et al.,<br>Defendants. | Case No. 22-cv-02027-JCS (PR)<br><br>**ORDER SCREENING COMPLAINT** |

**INTRODUCTION**

Plaintiff Sean Michael Pelton alleges San Francisco and South San Francisco police officers are liable for violating his Fourth Amendment rights. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Plaintiff has not provided sufficient factual information to state claims against all defendants. Accordingly, on or before **September 19, 2022**, plaintiff shall file an amended complaint. If plaintiff does not file an amended complaint by September 19, 2022, or if the amended complaint is insufficient, this suit will be reassigned to a district judge with a report and recommendation that the suit be dismissed.

Plaintiff has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c). (Dkt. No. 4.)

**STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2  upon which relief may be granted or seek monetary relief from a defendant who is immune
3  from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.
4  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that San Francisco Police Detective Richard Amador went beyond the terms of a search warrant and obtained information from plaintiff's phone that was later used in a criminal investigation and criminal proceedings against him. He names as defendants Richard Amador; Aaron Edens, an officer with the South San Francisco Police Department; the Chief of the South San Francisco Police; and the City of South San Francisco.

Plaintiff's claims against Aaron Edens cannot proceed on the facts alleged. Plaintiff's bases Edens's liability on his having taught a class on the investigative tool Amador used to search plaintiff's phone and by teaching Amador "how to navigate and search my files." (Compl., Dkt. No. 1 at 11.) Edens merely having taught a class and later

assisting Amador in implementing the techniques taught in the class does not establish liability. Plaintiff must allege facts indicating that Edens knew he was exceeding the terms of the warrant or otherwise knew he was engaged in violating plaintiff's constitutional rights.

In his amended complaint, plaintiff must provide the actual name of the Chief of the South San Francisco Police.

<u>Plaintiff must also provide information on the current status of the criminal proceedings against him.</u> The current status of his criminal proceedings will have a significant effect on whether his suit can proceed. If criminal proceedings have resulted in a conviction, then his suit may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.)

If his criminal proceedings have not resulted in a conviction, a different standard obtains. If a plaintiff files a claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kate*, 549 U.S. 384, 393-94 (2007). If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394.

Plaintiff has moved to file an addendum to his complaint. (Dkt. No. 6.) If he wishes to have this addendum considered by the Court, he must incorporate it into his amended complaint.

**CONCLUSION**

Plaintiff is directed to file an amended complaint on or before **September 19, 2022**. The amended complaint must include the caption and civil case number used in this order (22-02027 JCS (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page. <u>It must address all deficiencies discussed above and appear on this Court's form.</u> A copy of the proper form will be sent to him.

Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff does not file an amended complaint by September 19, 2022, or if the amended complaint is insufficient, this suit will be reassigned to a district judge with a report and recommendation that the suit be dismissed.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.

Failure to file an amended complaint by the deadline, or a failure to comply with all the instructions in this order, will result in the reassignment of this action to a district judge with a report and recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** August 15, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MICHAEL PELTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>RICHARD AMADOR, et al.,<br><br>    Defendants. | Case No.: 22-cv-02027-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

(1) I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2) On 8/15/2022, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Sean Michael Pelton ID: 38569
Amador County Jail
700 Court Street
Jackson, CA 95642

Dated: 8/15/2022

Mark B. Busby
Clerk of Court, United States District Court

By: *Karen L. Hom*
Karen Hom, Deputy Clerk to
the Honorable Joseph C. Spero

5