UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN MICHAEL PELTON,

    Plaintiff,

v.

RICHARD AMADOR, et al.,

    Defendants.

Case No. 22-cv-02027-EKL

**ORDER OF SERVICE**

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and the Stored Communications Act. Plaintiff alleges that a South San Francisco detective violated his Fourth Amendment rights during his arrest. Plaintiff was granted leave to proceed in forma pauperis (ECF No. 2) and the original complaint was dismissed with leave to amend (ECF No. 9). It was clear from the amended complaint, that the alleged Fourth Amendment violations were related to the criminal charges that were pending against plaintiff at that time. ECF No. 13 at 1. Therefore, this federal case was stayed pursuant to *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), until the criminal charges were resolved. ECF No. 13 at 1-2. Plaintiff filed a notice stating that the criminal charges had been dismissed. ECF No. 17. The stay was lifted, and the case was reassigned to the undersigned. ECF Nos. 22, 23.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

**Plaintiff's Allegations**

Plaintiff states that on February 9, 2018, defendant Detective Amador from the South San Francisco Police Department arrested him and recovered several cell phones. ECF No. 11 at 2-3.

Plaintiff provided consent to search certain items and later Amador obtained a search warrant, but plaintiff argues that Amador went beyond the consent and the terms of the search warrant in obtaining other information from plaintiff's phones and online accounts. *Id*. at 2-4. The information obtained from the illegal search led to multiple arrests. *Id*. at 3. Plaintiff also alleges that Amador's training was deficient and other people have had files illegally downloaded from their phones by the South San Francisco Police. *Id*. at 4. Plaintiff asserts that South San Francisco Police Chief Scott Campbell and the City of South San Francisco are liable for these constitutional violations. *Id*. at 4-5.

**Analysis**

The Fourth Amendment to the United States Constitution guarantees freedom from unreasonable search and seizure. U.S. Const. amend. IV. The "ultimate touchstone of the Fourth Amendment is reasonableness." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (internal citation omitted). In *Riley*, the Supreme Court held that a warrant is generally required to search a cell phone seized incident to arrest. *Id*. at 403. In so holding, the Supreme Court recognized that modern cell phones are "a pervasive and insistent part of daily life" with "vast quantities of personal information" that "hold for many Americans 'the privacies of life.'" *Id*. at 385, 386, 403.

The Stored Communications Act under the Electronic Communications Privacy Act makes it an offense to "intentionally access[ ] without authorization a facility through which an electronic communication service is provided . . . and thereby obtain[ ] . . . access to a wire or electronic communication while it is in electronic storage in such system." *Konop v. Hawaiian Airlines*, 302 F.3d 868, 879 (9th Cir. 2002) (citing 18 U.S.C. § 2701(a)(1)).

A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous

indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

Liberally construed, plaintiff's allegations are sufficient to proceed with claims under the Fourth Amendment and the Stored Communications Act against Amador, Chief Campbell, and the City of South San Francisco.

## CONCLUSION

1. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (ECF No. 11) with attachments and copies of this order on South San Francisco Detective Richard Amador, South San Francisco Police Chief Scott Campbell, and the City of South San Francisco.

2. To expedite the resolution of this case, the Court orders:

   a. No later than **sixty days** from the date of service, all defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary

1  judgment, they will so inform the Court prior to the date the summary judgment motion is due.

2  All papers filed with the Court will be promptly served on the plaintiff.

3       b.   At the time the dispositive motion is served, defendants will also serve, on a

4  separate paper, the appropriate notice(s) required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th

5  Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods*

6  *v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the

7  time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier);

8  *Rand*, 154 F.3d at 960 (separate paper requirement).

9       c.   Plaintiff's opposition to the dispositive motion, if any, will be filed with the

10 Court and served upon defendants no later than thirty days from the date the motion was served

11 upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

12 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

13 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

14 If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust

15 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

16 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided

17 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

18      d.   If defendants wish to file a reply brief, they will do so no later than fifteen

19 days after the opposition is served upon him.

20      e.   The motion will be deemed submitted as of the date the reply brief is due.

21 No hearing will be held on the motion unless the Court so orders at a later date.

22 3.  All communications by plaintiff with the Court must be served on defendants, or

23 defendants' counsel once counsel has been designated, by mailing a true copy of the document to

24 defendant or defendants' counsel.

25 4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

26 No further Court order is required before the parties may conduct discovery.

27 5.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

28 informed of any change of address by filing a separate paper with the clerk headed "Notice of

5

Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 12, 2024

_____
Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.